**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **CAP BARBELL, INC.** <br> *Plaintiff*, | § § § | **CASE NO. 4:21-cv-01313** |
| vs. | § § § | |
| **COSY FAMILY, INC,** | § § | |
| **FITNESS INSANITY LLC,** | § § | |
| **YUZHU LU (INDIVIDUALLY),** | § § | **JURY DEMANDED** |
| **HUI WANG (INDIVIDUALLY),** | § § | |
| **LANXIANG HOU (INDIVIDUALLY),** | § § | |
| **TIAN XIANG CHUA (INDIVIDUALLY),** | § § | |
| and | § § | |
| **QINGDAO PREFERRED HAIR PRODUCT D/B/A PREFERRED HAIR** <br> *Defendants*. | § § § § | |

**[AMENDED PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION**

On May ____, 2021, the Court heard Plaintiff CAP Barbell, Inc. ("CAP Barbell")'s Motion for Injunctive Relief ("Motion"). CAP Barbell has demonstrated that: (1) CAP Barbell has taken reasonable steps to provide Defendants with notice of this hearing; (2) CAP Barbell is the owner of three registered trademarks for the mark "CAP" as applied to weights, exercise equipment and sporting goods; (3) CAP Barbell is likely to succeed on the merits of its Lanham Act claims for trademark infringement, false designation of origin, dilution, and use of counterfeit marks; (4) CAP Barbell has suffered and will continue to suffer, immediate, and irreparable harm based on defendants Cosy Family, Inc., Fitness Insanity LLC, Yuzhu Lu, Hui Wang, Lanxiang Hou, Tian

Xiang Chua, and Qingdao Preferred Hair Product d/b/a Preferred Hair (collectively "Defendants") infringing use of CAP Barbell's federally registered and famous trademarks; (5) the balance of equities favor CAP Barbell; and (5) the public interest favors protection against consumer confusion and deception, as Defendants have done, and continue to do so with their sales on Amazon. Therefore, CAP Barbell's Motion for Preliminary Injunction is GRANTED.

Accordingly, IT IS ORDERED:

1. Defendants, their officers, directors, partners, agents, servants, employees, attorneys, subsidiaries, and those acting in concert with any of them are immediately enjoined from:

   a. Using "CAP," "CAP BARBELL," and any derivation or phonetic equivalent, including but not limited to CAP CAPS BARBELLS, CAP BARBELLS, CAPS BARBELL, in connection with weights, exercise equipment, sporting goods, and any related products;

   b. Manufacturing, distributing, selling, promoting, or authorizing any third party to manufacture, distribute, sell, market, advertise or promote weights, exercise equipment, sporting goods, and/or any related products bearing the mark CAP, CAP BARBELL, or any other mark that is a counterfeit, copy, or confusingly similar derivative or variation of Plaintiff's federally registered trademarks;

   c. Advertising or marketing weights, exercise equipment, sporting goods, or any related products, bearing or in connection with Plaintiff's trademarks or Plaintiff on any online posting, websites, marketing materials, letterhead, business cards, signage, or social media;

   d. Publicly representing or otherwise stating that there is any affiliation or connection with Plaintiff and/or its CAP Barbell products;

e. Making or displaying any statement, representation, or depiction that is likely to lead the public to believe that Defendants' goods are approved, associated, authorized, or otherwise connected with Plaintiff;

f. Registering or applying to register any trademark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating Plaintiff's registered trademarks or any counterfeit, derivative, or mark likely to be confused with Plaintiff's marks, any goods or services of Plaintiff, or suggest Plaintiff as their source;

g. Registering or seeking registration of any social media accounts incorporating Plaintiff's registered marks or any confusingly similar marks;

h. Destroying or secreting any documents and tangible things that bear on the allegations in Plaintiff's Complaint and Motion for Temporary Restraining Order and Preliminary Injunction;

i. Aiding, assisting, or abetting any other individual or entity in doing any act prohibited by this Order.

2. Defendants and third-party social media providers must transfer all social media accounts that incorporate Plaintiff's CAP Marks and derivatives to Plaintiff;

3. Defendants and all those holding and warehousing products as agents for Defendants, under 15 U.S.C. §§1118 and 1125(c)(5), to deliver for destruction all packaging, advertising materials, websites, and products bearing the mark "CAP," "CAP BARBELL" or any derivative or phonetic equivalent;

4. Defendants must formally abandon all applications to register CAP, CAP BARBELL, CAP BARBELLS, CAPS BARBELLS, CAPS BARBELLS, or any mark confusingly similar to Plaintiff's registered trademarks, including any mark incorporating or

containing Plaintiff's CAP Marks or any counterfeit, copy, confusingly similar variation, derivative, or phonetic equivalent on any state or federal trademark registry, including but not limited to the following applications before the United States Patent and Trademark Office: Serial No. 90686800; Serial No. 90690291; Serial No. 90147790: Serial No. 90147776; Serial No. 90147762; Serial No. 90128387; Serial No. 90304705; Serial No.90377975; Serial No. 90264778; Serial No. 90264773.

5. Defendants shall not attempt to register any CAP, CAP BARBELL, CAP BARBELLS, CAPS BARBELLS, CAPS BARBELLS, or any mark confusingly similar to Plaintiff's registered trademarks, including any mark incorporating or containing Plaintiff's CAP Marks or any counterfeit, copy, confusingly similar variation, derivative, or phonetic equivalent on any state or federal trademark registry;

6. Defendants and the corresponding domain name registrars for all implicated domain names must transfer the domain names that incorporate Plaintiff's CAP Marks and derivatives to Plaintiff. Accordingly:

   a. The applicable registrar(s) of record for all domains and associated websites used by the Defendants to sell, promote, and/or market counterfeit CAP Barbell products, including but not limited to the following domains: <capbarbell.net>, <capbarbell.org>, <capbarbelll.com>, <capppp.com>, <cccccap.com>, <fitnessinsanity.net>, <fitnessinsanitysecretbonus.com>, <yourwassa.com>, <mywassa.net>, <mywassa.com>,<wassa.com>, (collectively, the "Subject Domain Names"), must record, change, transfer, or assist in changing the registration of record for the Subject Domain Names to Plaintiff's name and into

      an account with the applicable registrar, under Plaintiff's sole control, or a domain-name registrar of Plaintiff's choosing;

  b. The applicable registrar(s) of record for all Subject Domain Names must change, transfer, point, or assist in point the domain name system (DNS) servers for the Subject Domain Names to a server or servers of Plaintiff's choosing;

  c. The applicable registrar(s) of record for all the Subject Domain Names must change, transfer, point, or assist in pointing the mail exchange (aka email exchange servers) for the Subject Domain Names to MX or email exchange server(s) of Plaintiff's choosing;

  d. The applicable registrar(s) of record for all Subject Domain Names must place a lock on the Subject Domain Names after the transfer of the Subject Domain Names to Plaintiff has been completed, during the pendency of this litigation; and,

  e. Any proxy/privacy protection service utilized by the Defendants in connection with any of the Subject Domain Names to disclose to Plaintiff the true identities and contact information of those registrant(s).

7. Defendants must provide a copy of this Order to Amazon.com and all of Defendants' resellers, distributors and sales outlets.

According to 15 U.S.C. §1116(a), Defendants must file with the Court and send to Plaintiff's counsel within thirty (30) days after service on Defendants, a report in writing under oath, setting forth in detail the manner and form in which Defendants has complied.

SO ORDERED.

Signed this \_\_\_\_ day of _____, 2021.

_____
United States District Judge